**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

**STATE FARM FIRE AND CASUALTY COMPANY,**

Plaintiff,

v.

**LLOYD J. LEBLANC JR., THE B&F SYSTEM, INC., EDNA G. LEBLANC, PRODUCTOS MEXICANOS DON JOSE, INC., LEBLANC'S LLC, MAXAM WHOLESALE OF GA, INC., DIRECT SOURCE IMPORTS, INC., JEFF LEBLANC, and LLOYD LEBLANC III,**

Defendants.

Civil Action 7:09-CV-76 (HL)

**ORDER**

This case is before the Court on State Farm's Motion for Summary Judgment (Doc. 45). For the reasons set out below, the Motion is granted.[1]

State Farm seeks a declaratory judgment to clarify its obligations under a business policy issued to Lloyd LeBlanc Jr. d/b/a Maxam Wholesale of GA, a business policy issued to Direct Source Imports, Inc., and a personal liability umbrella policy issued to Lloyd LeBlanc Jr. This insurance dispute is related to the case of The B & F System, Inc. v. Lloyd J. LeBlanc Jr., Edna G. LeBlanc, Productos Mexicanos Don Jose, Inc., LeBlanc's, LLC, Maxam Wholesale of Atlanta, Inc., Direct

[1] Defendants Lloyd LeBlanc Jr., Edna G. LeBlanc, Maxam Wholesale of Atlanta, Inc. (misnamed in the caption as Maxam Wholesale of GA, Inc.), Lloyd ("Jody") LeBlanc III, Jeff LeBlanc, Direct Source Imports, Inc., Productos Mexicanos Don Jose, Inc., and LeBlanc's, LLC are collectively referred to as the "LeBlanc Defendants."

Source Imports, Inc., Lloyd J. LeBlanc III, and Arthur Jeffrey LeBlanc, Civil Action No. 7:07-CV-192 (M.D. Ga.) (the "Liability Action").[2] The LeBlanc Defendants contend the insurance policies provide coverage for the Liability Action. State Farm has now moved for summary judgment, and argues that it does not owe a duty of defense or indemnity to any of the LeBlanc Defendants.

## I. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "The moving party bears 'the initial responsibility of informing the ... court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2549 (1986) (internal quotations omitted)). Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S.Ct. 2505 (1986).

---

[2] The B & F System, Inc. is named as a defendant in this case because of its status as the plaintiff in the Liability Action. B & F has taken no position on State Farm's summary judgment motion.

The applicable substantive law identifies which facts are material. Id. at 248. A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. Id. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249–50.

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). The court is bound only to draw those inferences which are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted).

## II. ANALYSIS

As noted above, there are three insurance policies at issue. The Court will address each separately.

### A. The LeBlanc Business Policy

The first policy is a business policy issued to Lloyd LeBlanc d/b/a Maxam Wholesale of GA, Policy Number 91-NM-7119-2, which was in effect from May 14, 2007 to May 14, 2008 (the "LeBlanc Business Policy"). State Farm argues, among other things, that no coverage is provided under the LeBlanc Business Policy because State Farm was not promptly notified about the Liability Action.

Under Georgia law[3],

> a notice provision expressly made a condition precedent to coverage is valid and must be complied with, absent a showing of justification. Where an insured has not demonstrated justification for failure to give notice according to the terms of the policy, . . . then the insurer is not obligated to provide either a defense or coverage.

Kay-Lex Co. v. Essex Ins. Co., 286 Ga. App. 484, 488, 649 S.E.2d 602 (2007) (quoting Federated Mut. Ins. Co. v. Ownbey Enters., 278 Ga. App. 1, 3, 627 S.E.2d 917 (2006) (citations and footnote omitted)). Conditions precedent to an insurance contract "must be complied with, absent a showing of justification." Richmond v. Ga. Farm Bureau Ins. Co., 140 Ga. App. 215, 221, 231 S.E.2d 248 (1976).

The General Conditions subpart of Section II of the LeBlanc Business Policy contains the following language:

> 3. **Duties in the Event of Occurrence, Claim or Suit.**
>
> a. You must see to it that we are notified promptly of an **occurrence** that may result in a claim. Notice should include:
>
> (1) how, when and where the **occurrence** took place; and
>
> (2) the names and addresses of any injured persons and witnesses.
>
> b. If a claim is a made or **suit** is brought against any insured, you must see to it that we receive prompt written notice of the claim or **suit**.

[3] This case is a diversity action, which means the Court must apply the substantive law of the forum state in which it sits. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817 (1938). The Court will apply Georgia law to resolve this dispute.

c. You and any other involved insured must:

(1) immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or **suit**.

(Doc. 45-8, p. 6) (emphasis in original).

Similar notice language has been found by other courts to be a condition precedent to coverage. *See* Ill. Union Ins. Co. v. Sierra Contracting Corp., 744 F.Supp.2d 1349 (N.D. Ga. 2010); Am. Ins. Co. v. Evercare Co., 699 F.Supp.2d 1361 (N.D. Ga. 2010). In any event, the LeBlanc Defendants do not contend that the notice provision was not a condition precedent to coverage, and the Court finds that the language is in fact a condition precedent. The purpose of such notice language

> is to enable the insurer to begin immediately an investigation of the facts and circumstances for determining whether liability might be present and whether a settlement of the claim should be attempted; to get the facts while they [are] fresh and available in the minds of the parties and such witnesses as might be available; to obtain pictures, diagrams, etc. which might assist in showing how the occurrence happened and the extent of any physical damage done.

Bituminous Cas. Corp. v. J.B. Forrest & Sons, Inc., 132 Ga. App. 714, 717, 209 S.E.2d 6 (1974).

Generally, whether an insured gave an insurer timely notice under a policy is a question for the factfinder. State Farm Fire & Cas. Co. v. Walnut Ave. Partners, LLC, 296 Ga. App. 648, 651, 675 S.E.2d 534 (2009). However, Georgia courts and courts interpreting Georgia law have found in certain circumstances that the justification offered by an insured for failure to notify the insurer was unreasonable as a matter of

law. *See, e.g.,* Allstate Ins. Co. v. Walker, 254 Ga. App. 315, 316(1), 562 S.E.2d 267 (2002); S. Guar. Ins. Co. v. Miller, 183 Ga. App. 261, 262-63, 358 S.E.2d 611 (1987).

The Liability Action was filed against Lloyd LeBlanc Jr., Maxam Wholesale of Atlanta, Inc., Direct Source Imports, Inc., Jeff LeBlanc, and Jody LeBlanc on December 6, 2007. All five defendants were served on December 7, 2007. They hired private counsel in December of 2007. Counsel filed an answer and counterclaim on behalf of those defendants in February of 2008. Lloyd LeBlanc, the named insured under the LeBlanc Business Policy, never contacted State Farm to notify it about the lawsuit. After being served with the lawsuit he "became very nervous," and "[b]eing a layperson, I never knew what to do. So I didn't do anything for quite a while." (Deposition of Lloyd LeBlanc Jr., p 40). Instead, Jody LeBlanc called Fred Horne, the LeBlancs' local State Farm agent, on or about May 10, 2008. (Affidavit of Jody LeBlanc, ¶ 2). Jody did not actually speak with anyone until May 13, 2008, when he told Kay Dunn, who works in Mr. Horne's office, about the lawsuit. (Jody LeBlanc Aff., ¶ 3). On some unknown date thereafter, Jody LeBlanc spoke with Daryl Scarbrough, a State Farm Claims Specialist, about the lawsuit. (Jody LeBlanc Aff., ¶ 5). Jody LeBlanc's only reason for not notifying State Farm earlier was that he "didn't have any idea we had coverage." (Deposition of Jody LeBlanc, pp. 32, 34).[4]

[4] While an amended complaint was later filed in the Liability Action, and notice of the amended complaint was given to State Farm, providing notice of the amended complaint

Courts applying Georgia law have held notification delays of three, four, five, six, eight, and nine months to be unreasonable as a matter of law. *See* Hathaway Dev. Co. v. Ill. Union Ins. Co., 274 Fed. Appx. 787 (11th Cir. 2008) (delays of four, five, and eight months unreasonable as a matter of law); DS Waters of Am., Inc. v. Twin City Fire Ins. Co., 2011 WL 1743716, No. 1:09-CV-1819-TWT (N.D. Ga. May 5, 2011) (delay of eight months); Ill. Union, 744 F.Supp.2d at 1352 (delay of nine months); Cotton States Mut. Ins. Co. v. Int'l Surplus Lines Ins. Co., 652 F.Supp. 851, 856 (N.D. Ga. 1986) ("The Georgia courts have repeatedly held that where no valid excuse exists, failure to give written notice for periods in the range of four to eight months is unreasonable as a matter of law); Caldwell v. State Farm Fire & Cas. Ins. Co., 192 Ga. App. 419, 385 S.E.2d 97 (1989) (delay of six months after being served with summons); Diggs v. S. Ins. Co., 172 Ga. App. 37, 321 S.E.2d 792 (1984) (insured failed to comply with condition precedent to coverage by waiting for three months to give notification of lawsuit to insurer).

Even though the LeBlanc Business Policy required the insured to immediately send copies of any lawsuit to State Farm, over five months passed between the time the LeBlanc Defendants were served with the Liability Action and when State Farm was notified about the lawsuit. "Policy provisions requiring that insureds send their insurers any legal papers received in connection with a claim or suit '[i]mmediately' [have] been construed in many cases to mean with reasonable diligence and within

---

did not relieve the LeBlanc Defendants from their responsibility to notify State Farm about the lawsuit when it was initially filed.

a reasonable length of time in view of attending circumstances of each particular case." Advocate Networks, LLC v. Hartford Life Ins. Co., 296 Ga. App. 338, 340, 674 S.E.2d 617 (2009) (quoting Bituminous Cas. Corp., 132 Ga. App. at 719(2)). In determining whether the insured is in compliance with such a policy provision, the Court must look to the reasons given by the insured for the delay in notifying the insurer about the lawsuit. Id. The LeBlanc Defendants' only explanation for not forwarding the lawsuit papers to State Farm immediately was confusion about whether there would be any coverage. That is not a sufficient excuse. *See* Hill v. Safeco Ins. Co. of Am., 93 F.Supp.2d 1375, 1381 (M.D. Ga. 1999).

The LeBlanc Defendants point primarily to State Farm Mutual Automobile Ins. Co. v. Sloan, 150 Ga. App. 464, 258 S.E.2d 146 (1979), in support of their argument that their lack of knowledge of whether the LeBlanc Business Policy would provide coverage creates a jury question on the notice issue. The Court finds Sloan distinguishable, as that case involved a question of whether a policy would afford coverage for an automobile collision involving the insured's son and a third party. Here, Lloyd LeBlanc, the named insured, contends he allegedly did not know he was covered by his own policy. The Court finds the Georgia Court of Appeals' decision in Allstate Insurance Co. v. Walker, 254 Ga. App. at 316, instructive. In Walker, the insureds testified that they did not notify their insurance company for almost a year after the occurrence because they did not know their policy might afford coverage. The Court of Appeals found that the trial court erred in denying the insurer's motion for summary judgment on the ground that the insureds did not give the insurer notice

of loss as soon as possible following the incident, holding: “There is no evidence, indeed, not even an assertion, that [the insured’s] ignorance of the terms of the subject insurance policy was due to any fraud or overreaching on the part of [the insurer] or its agents. The law requires more than just ignorance, or even misplaced confidence, to avoid the terms of a valid contract.” Id. at 316 (quotation omitted).

Because the LeBlanc Defendants provide no other reasonable explanation for the five-month delay, the Court finds as a matter of law that the LeBlanc Defendants violated the notice provision of the LeBlanc Business Policy. *See also* Holbrook-Myers Co., Inc. v. Transp. Ins. Co., 354 F.Supp.2d 1349, 1355 (N.D. Ga. 2005) (delay of four months in forwarding a copy of the complaint to the insurer was unreasonable as a matter of law); Advocate Networks, 296 Ga. App. at 340 (delay of four months in sending complaint to insurer violated provision requiring insured to immediately provide legal documents). Thus, State Farm has no duty under the LeBlanc Business Policy to defend or indemnify the LeBlanc Defendants against the Liability Action.

The Court rejects the LeBlanc Defendants’ contention that State Farm has waived its right to contest its duty to defend. The LeBlanc Defendants cite to the case of Richmond v. Georgia Farm Bureau Ins. Co., 140 Ga. App. at 215, and argue that by waiting for one year to file this declaratory judgment action, State Farm should be estopped from terminating its representation of the LeBlanc Defendants.

In Richmond, the Georgia Court of Appeals stated that:

> Upon learning of facts reasonably putting it on notice that there may be grounds for noncoverage and where the insured refuses to consent to a defense under a reservation of right, the insurer must thereupon (a) give the insured proper unilateral notice of its reservation of rights, (b) take necessary steps to prevent the main case from going into default or to prevent the insured from being otherwise prejudiced, and (c) seek immediate declaratory relief including a stay of the main case pending final resolution of the declaratory judgment action.

Id. at 219.

The LeBlanc Defendants acknowledge that the first two Richmond prongs were met by State Farm, but contend State Farm waived its coverage defenses by failing to seek immediate declaratory relief. However, because there was never any objection to the reservation of rights, State Farm "was not required to file a declaratory judgment action within any particular time period, or at all, to avoid estoppel." Boatright v. Old Dominion Ins. Co., 304 Ga. App. 119, 124, 695 S.E.2d 408 (2010); Kay-Lex Co., 286 Ga. App. at 491 (rejecting insured's argument that insurer failed to timely file a declaratory judgment action because the insured did not object to the reservation of rights); Jacore Sys., Inc. v. Cent. Mut. Ins. Co., 194 Ga. App. 512, 514, 390 S.E.2d 876 (1990) (holding that the insurer was not required to file a declaratory judgment action to avoid waiver and estoppel when the insured did not object to the reservation of rights made by the insurer).

The LeBlanc Defendants further argue that State Farm is not entitled to deny coverage because it suffered no prejudice by the timing of their notice. While some

courts have considered prejudice to the insurer, the overwhelming majority of Georgia courts have found that "prejudice is irrelevant because the failure to give timely notice is the failure of a condition precedent to coverage under the policy, and that failure alone voids coverage." Cotton States, 652 F.Supp. at 856 (listing cases); Caldwell, 192 Ga. App. at 420. In fact, courts generally have found that prejudice is inherent in the delay in giving notice to the insurer. *See* Cotton States, 652 F.Supp. at 856-57; Richmond, 140 Ga. App. at 221. The Court finds that any lack of prejudice to State Farm is irrelevant as the LeBlanc Defendants violated a condition precedent of the LeBlanc Business Policy.

State Farm does not owe the LeBlanc Defendants a defense or indemnity in the Liability Action under the LeBlanc Business Policy.

**B. The DSI Policy**

The second policy is a business mercantile policy issued to Direct Source Imports, Inc., Policy Number 91-BB-K904-5 (the "DSI Policy"). The DSI Policy was in effect from February 14, 2008 until February 14, 2009. State Farm argues, among other things, that there is no coverage available under the DSI Policy because the policy was not taken out until after the Liability Action was filed.

"It is settled insurance law that an insured is not entitled to coverage under a policy obtained after the insured is aware of an occurrence prior to the policy period." S. C. Ins. Co. v. Coody, 813 F.Supp. 1570, 1577 (M.D. Ga. 1993) (citing Chemical Leaman Tank Lines, Inc. v. Aetna Cas. & Surety Co., 788 F.Supp. 846, 853 (D.N.J. 1992)). The DSI Policy is an "occurrence" policy, which means coverage is "triggered

either by an injury caused by what the policy defines to be an occurrence, or such an occurrence, taking place during the policy period." Simpson & Creasy, P.C. v. Cont'l Cas. Co., 770 F.Supp.2d 1351, 1354 (S.D. Ga. 2011) (quotation omitted). The DSI Policy specifically states that the insurance applies only to injuries caused by an occurrence which happened during the policy period. Here, any occurrence would have necessarily occurred prior to the filing of the Liability Action in December of 2007. As the policy period for the DSI Policy did not begin until February of 2008, and the occurrence for which the LeBlanc Defendants seek coverage occurred prior to the policy period, the DSI Policy cannot provide coverage for the Liability Action.

State Farm does not owe the LeBlanc Defendants a defense or indemnity in the Liability Action under the DSI Policy.

**C. The PLUP Policy**

The final insurance policy at issue is a personal liability umbrella policy, Policy Number 81-NQ-9486-0, issued by State Farm to Lloyd LeBlanc Jr., which was in effect from July 10, 2006 to July 10, 2007 (the "PLUP Policy"). Like the LeBlanc Business Policy, the PLUP Policy contained a notice provision requiring the insured to notify State Farm immediately of a claim or suit. "If a claim or suit is filed against you, notify your underlying insurer and us right away. You must send us every demand, notice, summons or other process you receive." (Doc. 45-12, p. 11). For the same reasons discussed in Part II(A) above in connection with the LeBlanc Business Policy and the LeBlanc Defendants' failure to timely notify State Farm

about the Liability Action, State Farm does not owe the LeBlanc Defendants a defense or indemnity under the PLUP Policy.

### D. Counterclaim

Jeff LeBlanc, Jody LeBlanc, and DSI filed a counterclaim against State Farm for failing to defend them following the initial filing of the Liability Action and the filing of the amended complaint in the Liability Action. This counterclaim is dismissed as the Court has found that State Farm has no duty to defend any of the LeBlanc Defendants under the policies.

## III. CONCLUSION

State Farm's Motion for Summary Judgment (Doc. 45) is granted. State Farm has no duty to defend or indemnify the LeBlanc Defendants in the Liability Action. Further, the counterclaim filed by Jeff LeBlanc, Jody LeBlanc, and Direct Source Imports, Inc. is dismissed.

**SO ORDERED**, this 1st day of March, 2012.

***s/ Hugh Lawson***
**HUGH LAWSON, SENIOR JUDGE**

mbh